IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARPET LINOLEUM AND SOFT TILE LOCAL UNION 1926 TRUST FUNDS, ET AL., <br><br>            Plaintiffs, <br><br>       vs. <br><br> IGD HOSPITALITY, INC.; LAYTON CONSTRUCTION CO., INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, AND DOE TRUSTS 1-10, <br><br>            Defendants. | CIVIL NO. 15-00372 DKW-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT IGD HOSPITALITY, INC. |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT
<u>JUDGMENT AGAINST DEFENDANT IGD HOSPITALITY, INC.</u>[1]

Before the Court is Plaintiffs' Motion for Default Judgment Against Defendant IGD Hospitality, Inc., filed on March 30, 2016 ("Motion"). ECF No. 28. Defendant IGD Hospitality, Inc. was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. <u>See</u> ECF No. 28-8. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

the United States District Court for the District of Hawaii. ECF No. 29. After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

BACKGROUND

Plaintiffs filed their Complaint against Defendants on September 22, 2015. ECF No. 1. The Complaint alleges that Defendant IGD Hospitality, Inc. ("IGD") executed a contract agreeing to abide by certain collective bargaining agreements, which required Defendant IGD to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by its covered employees. Compl. ¶¶ 8, 12. Contributions were to be paid on or before due dates specified in the collective bargaining agreements. Id. ¶ 12. Plaintiffs claim that Defendant IGD failed to make required contributions for March, May, and June 2015. Id. ¶ 19. The Complaint also alleges that Plaintiffs, Defendant IGD, and Defendant Layton Construction Co., Inc. ("Layton") entered into an agreement dated February 20, 2015, wherein Defendant Layton agreed to issue payment by joint check to Defendant IGD and Plaintiffs to pay Defendant IGD's obligations under the bargaining agreements for ongoing work performed by Defendant IGD's employees on Defendant Layton's project. Id. ¶ 11. Plaintiffs allege that Defendant Layton breached its obligations under that agreement by issuing checks

2

solely in Defendant IGD's name and assert a claim for breach of contract against Defendant Layton.  Id. ¶ 25.  Plaintiffs did not allege any claim against Defendant IGD related to breach of the joint check agreement.  Id.

The Clerk entered default against Defendant IGD pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on November 2, 2015.  ECF No. 12.  Plaintiffs received $41,757.82 from Defendant Layton in settlement of all Plaintiffs' claims against Defendant Layton.  ECF No. 28-1 at 6.  Plaintiffs and Defendant Layton entered into a Stipulation for Dismissal of Claims against Defendant Layton Construction Co., Inc. With Prejudice, which was approved by the court on February 26, 2016.  ECF No. 26.  The present Motion followed.  In the present Motion, Plaintiffs ask the Court to enter default judgment against Defendant IGD for outstanding contributions, liquidated damages, and attorneys' fees and costs.  ECF No. 28-1 at 6.

## DISCUSSION

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment

3

as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471–72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also,

4

"necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.   Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant IGD.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject matter jurisdiction over Plaintiffs' claims against Defendant IGD related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended. See 29 U.S.C. §§ 1132(e), 1145.

Second, the Court has personal jurisdiction over Defendant IGD.  Personal jurisdiction can be acquired by a defendant's "minimum contacts" with the jurisdiction.  Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of California, 495 U.S. 604 (1990)).  Specific personal jurisdiction exists if (a) the defendant has performed some act or consummated some

transaction within the forum or otherwise purposefully availed itself of the privileges of conducting activities in the forum; (b) the claim arises out of or results from the defendant's forum related activities; and (c) the exercise of jurisdiction is reasonable.  Boschetto v. Hansing, 539 F.3d 1011, 1021 (9th Cir. 2008).

### a. Purposeful Availment

First, the purposeful availment requirement is satisfied if the defendant "has taken deliberate action" toward the forum state.  Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)).  In contract cases, the court must examine the circumstances surrounding the contract including "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985).  Here, Plaintiffs assert that Defendant IGD agreed to be bound by the collective bargaining agreements at issue in connection with Defendant IGD's work on a project in Laie, Hawaii.  Plaintiffs also assert that Defendant IGD entered into an additional agreement with Plaintiffs and Defendant Layton to address Defendant IGD's failure to submit timely reports and to pay contributions as required.  In light of this course of dealing, the Court concludes that Defendant IGD's contacts with

Hawaii are sufficient to show purposeful availment.

### b. Claims Arise Out of Forum-Related Activities

Second, for specific personal jurisdiction, the claim asserted in the litigation must arise out of the defendant's forum-related activities. Panavision, Int'l, 141 F.3d at 1322 (citing Ziegler v. Indian River Cnty., 64 F.3d 470, 474 (1995)). Plaintiffs must show that they would not have been injured "but for" Defendant IGD's conduct directed toward the forum. Id. Here, as noted above, Defendant IGD's contacts with Hawaii are its contractual agreements for work performed in Hawaii. If not for Defendant IGD's conduct in failing to abide by those agreements, Plaintiffs would not have been injured. Accordingly, the Court concludes that the second requirement for specific personal jurisdiction is met.

### c. Reasonableness of Exercise of Jurisdiction

Finally, to satisfy due process, the exercise of personal jurisdiction must be reasonable. Id. (citing Ziegler, 64 F.3d at 474–75). For jurisdiction to be reasonable, it must comport with "fair play and substantial justice." Id. (quoting Burger King Corp., 471 U.S. at 476–77). To determine reasonableness, the Court must balance seven factors: (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the

defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp., 11 F.3d at 1487–88 (citing Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1065 (9th Cir. 1985)).

      Here, the Court finds that these factors weigh in favor of finding that the exercise of jurisdiction over Defendant IGD comports with the notions of fair play and substantial justice. First, the degree of Defendant IGD's interjection weighs in favor of finding jurisdiction because Defendant IGD's acts were aimed at Plaintiffs in Hawaii. Second, the burden on Defendant IGD, a Florida corporation, to litigate in Hawaii is not significant particularly given Defendant IGD's purposeful availment to the forum. See Panavision Int'l, 141 F.3d at 1323 ("A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'") (quoting Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128–29 (9th Cir. 1995)). Third, the sovereignty factor does not weigh against finding jurisdiction because Plaintiffs seek relief under a federal statute. Fourth, Hawaii has a strong interest in

providing an effective means of redress for its residents. Fifth, the most efficient judicial resolution is in Hawaii because of the witnesses and evidence located here and there is no indication that evidence is located elsewhere.  Sixth, although it would be more costly and inconvenient for Plaintiffs to litigate in another forum, this factor is given little weight.  Seventh, Defendant IGD has not come forward to request an alternative forum.  Balancing these seven factors, the Court concludes that the exercise of specific personal jurisdiction over Defendant IGD is reasonable.

> **B.** **_Eitel_ Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the _Eitel_ factors outlined above.  The Court will address each factor in turn.

> **1.    The Possibility of Prejudice to Plaintiffs**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would not have another recourse for recovery.  Accordingly, the first _Eitel_ factor favors the entry of default judgment.

> **2.    Merits of Plaintiffs' Substantive Claims**

As noted above, for purposes of liability the factual

allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiffs brought this action against Defendant IGD for unpaid contributions for March, May, and June 2015. ECF No. 1 ¶ 19. The terms of the collective bargaining agreements require Defendant IGD to pay to Plaintiffs certain contributions based on work performed by Defendant IGD's covered employees. ECF No. 28-3. Defendant IGD failed to make required contributions or failed to make timely contributions for March, May, and June 2015. ECF No. 1 ¶ 19. The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant IGD. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $24,804.74, including delinquent contributions,

liquidated damages, and attorneys' fees and costs.  ECF No. 28-1 at 9.  Plaintiffs' damages request is tailored to Defendant IGD's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreements.  The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18.  Defendant IGD has been given a fair amount of time to answer the Complaint and deny that it failed to pay the contributions; Defendant IGD has not done so.  Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant IGD's default was not the result of excusable neglect.  Plaintiffs served Defendant IGD on October 1, 2015.  ECF No. 9.  Defendant IGD did not file a response to Plaintiffs' Complaint.  In addition, Plaintiffs served Defendant IGD with notice of this Motion on March 30, 2016. ECF No. 28-8.  Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant IGD has not appeared in this matter to date.  The record suggests that Defendant IGD's default was not the result of any excusable

11

neglect, but rather due to Defendant IGD's conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant IGD's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant IGD has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant IGD.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant IGD.

### C. Damages

Plaintiffs request damages for delinquent contributions, liquidated damages, and attorneys' fees and costs. ECF No. 28-1 at 9.  Each category of requested relief is

addressed below.

### 1. Delinquent Contributions and Liquidated Damages

Plaintiffs contend that Defendant IGD owed liquidated damages for March 2015 in the amount of $1,818.70, contributions and liquidated damages for May 2015 in the amounts of $28,236.06 and $5,657.21, respectively, and contributions and liquidated damages for June 2015 in the amounts of $8,893.20 and $1,781.16, respectively.  ECF No. 28-1 at 5-6.  In support of this contention, Plaintiffs submitted the declaration of Dennis Kawasaki, the Trust Administrator for Plaintiffs.  ECF No. 28-2.  In total, Plaintiffs were owed $46,386.33[2] in unpaid contributions and liquidated damages.  Id.  As noted above, Plaintiffs received $41,757.82 from Defendant Layton in settlement of all Plaintiffs' claims against Defendant Layton.  See ECF No. 28-1 at 6.  Accordingly, the amount of unpaid contributions and liquidated damages still owing to Plaintiffs was reduced to $4,628.51.  Id.  The Court finds Plaintiffs have established damages in the amount of $4,628.51 for the balance of delinquent contributions and liquidated damages.

---

[2] Plaintiffs' Motion and the supporting Declaration of Dennis K. Kawasaki incorrectly state that the total owed is $46,376.30.  See ECF No. 28-1 at 5-6; ECF No. 28-2 ¶ 8.  However, based on the amounts provided, the Court finds that Plaintiffs were owed $46,386.33 in delinquent contributions and liquidated damages.

### 2. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the collective bargaining agreements require Defendant IGD to pay "reasonable attorney's fees and cost of the action" to recover delinquent contributions. ECF No. 28-3 at 29.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." Hensley, 461 U.S. at 433. The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted). Here, Plaintiffs request $19,150.52 in attorneys' fees and taxes as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Carolyn E. Hayashi, Esq. | 48.4 | $275.00 | $13,310.00 |
| James K. Tam, Esq. | 3.0 | $275.00 | $825.00 |
| David M.K. Lum, Esq. | 14.55 | $275.00 | $4,001.25 |

| | | | |
|---|---|---|---|
| Aaron Sakamoto, paralegal | 6.1 | $25.00 | $152.50 |
| | | Subtotal | $18,288.75 |
| | Hawaii General Excise Tax 4.712% | | $861.77 |
| | | **TOTAL** | **$19,150.52** |

See ECF No. 28-1 at 9; ECF No. 28-4 ¶¶ 11-12.

First, the Court finds that the hours spent by Plaintiffs' counsel working on the claim for breach of contract against Defendant Layton, including settlement of that claim, are not recoverable. As noted above, Plaintiffs did not assert any claim against Defendant IGD related to breach of the joint check agreement. The breach of contract claim was only asserted against Defendant Layton. The Stipulation for Dismissal of Claims Against Defendant Layton Construction Co., Inc. With Prejudice, drafted by Plaintiffs, states that each party "shall bear its own respective attorney's fees and costs as to the foregoing dismissed claims." ECF No. 26. Accordingly, it is not reasonable to allow Plaintiffs to recover attorneys' fees from Defendant IGD for work that was related to the breach of contract claim against Defendant Layton and the settlement of that claim. Based on the Court's review of the time records submitted by Plaintiffs' counsel, the following hours were spent working on Plaintiffs' claim against Defendant Layton: 14.5[3] hours worked

---

[3] The hours at issue for Ms. Hayashi were on 10/22/2015, 1/8/2016, 1/12/2016, 1/13/2016, 1/18/2016, 1/19/2016, 2/1/2016, 2/8/2016, 2/9/2016, 2/17/2016, 2/18/2016, 2/19/2016, 2/22/2016, and 2/25/2016. ECF No. 28-6 at 1-2.

by Ms. Hayashi; 1.6[4] hours worked by Mr. Tam; and 5.8[5] hours worked by Mr. Lum.  The Court will deduct these hours from the total hours requested.  The Court has reviewed the remaining time requested and finds that the remaining hours requested are reasonable.

Second, the Court finds that the hourly rates requested are reasonable.  Ms. Hayashi has been practicing for over 30 years; Mr. Tam has practiced law for 42 years; Mr. Lum has practiced law for 36 years.  ECF No. 28-4 ¶¶ 6-8.  Mr. Sakamoto has been working in the legal field for 6 years.  Id. ¶ 9.  In total, the Court finds that the following fees and taxes are reasonable:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Carolyn E. Hayashi, Esq. | 33.9 | $275.00 | $9,322.50 |
| James K. Tam, Esq. | 1.4 | $275.00 | $385.00 |
| David M.K. Lum, Esq. | 8.75 | $275.00 | $2,406.25 |
| Aaron Sakamoto, paralegal | 6.1 | $25.00 | $152.50 |
| | | Subtotal | $12,266.25 |
| | Hawaii General Excise Tax 4.712% | | $577.99 |
| | | **TOTAL** | **$12,844.24** |

---

[4] The hours at issue for Mr. Tam were on 8/27/2015, 12/30/2015, 1/13/2016, 1/18/2016, and 2/19/2016.  Id. at 4.

[5] The hours at issue for Mr. Lum were on 9/12/2015, 11/6/2015, 11/10/2015, 12/22/2015, 12/30/2015, 1/8/2016, 1/12/2016, 1/13/2016, 1/18/2016, 1/19/2016, 2/8/2016, 2/9/2016, 2/18/2016, 2/22/2016, 2/23/2016, 2/25/2016, and 2/26/2016.  Id. at 3.

Additionally, based on the Declaration of Ms. Hayashi and the invoices submitted with the Motion, the Court finds that Plaintiffs are entitled to an award for $1,035.75 in costs reasonably incurred in this action. See ECF No. 28-4 ¶ 17; ECF No. 28-7.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART as follows:

(A) Default judgment be entered in Plaintiffs' favor and against Defendant IGD Hospitality, Inc.;

(B) Plaintiffs are entitled to damages in the following amounts: (1) $4,628.51 in delinquent contributions and liquidated damages; (2) $12,844.24 for attorneys' fees and taxes; and (3) $1,035.75 for costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 2, 2016.

_____
Richard L. Puglisi
United States Magistrate Judge

**CARPET LINOLEUM AND SOFT TILE LOCAL UNION 1926 TRUST FUNDS, ET AL. V. IGD HOSPITALITY, INC., ET AL.; CIVIL NO. 15-00372 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT IGD HOSPITALITY, INC.**

17